Case 4:24-cv-02986   Document 68   Filed on 12/09/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD PETER JONES and MICHAEL JOSEPH BITGOOD a/k/a MICHAEL EASTON, | § § § § | |
| *Plaintiffs*, VS. | § § § | CIVIL ACTION NO. 4:24-cv-2986 |
| CITY OF SUGAR LAND, TEXAS, *et al.*, | § § § | |
| *Defendants*. | § § | |

## ORDER

### I.

Plaintiffs, Richard Jones ("Jones") and Michael Bitgood ("Bitgood"), filed their First Amended Petition in the 458th District Court of Fort Bend, County Texas, expressly "invoking Title 42 U.S.C. § 1983." (Doc. No. 1 at 3). Defendants then jointly removed the case to this Court invoking its federal-question jurisdiction. (*Id.* at 4). Bitgood is proceeding *pro se*; Jones is represented by counsel. (Though it seems Bitgood is the primary author of the filings at issue here.) In their First Amended Petition, Plaintiffs asserted claims against the City of Sugar Land, Texas, Bryce Spencer, Bennett Dodson, and Daniel Edmunds under § 1983. (Doc. No. 1-11 at 1).

This Court previously struck Plaintiffs' First Amended Petition and exhibits because their voluminous length violated the Federal Rules of Civil Procedure. (Doc. No. 56 at 2). In doing so, Plaintiffs were ordered to file a succinct complaint setting out a short and plain statement of the facts and claim(s) demonstrating their entitlement to relief no later than July 11, 2025. (*Id.*). After Plaintiffs requested more time, this Court granted them until July 25, 2025, to file their complaint. (Doc. No. 58).

Instead of complying with this Court's Order to file a complaint that complied with the Rules, Bitgood filed his Motion to Remand or in the Alternative, Motion to Appoint Counsel (Doc. Nos. 61, 62). In that motion, Bitgood stated that "Bitgood declines to amend or re-plead." (Doc. No. 61 at 7). Jones then filed his own Conditional Motion to Remand stating that "Jones respectfully declines to re-plead[] and moves the Court to remand the case." (Doc. No. 63 at 1). Defendants City of Sugar Land and Bryce Spencer responded to each of these motions. (Doc. No. 64). Defendant Bennett G. Dodson also filed a Motion to Dismiss urging this Court to deny Plaintiffs' Motions to Remand and dismiss Plaintiffs' complaint. (Doc. No. 66). Plaintiffs then responded to Dodson's Motion to Dismiss (Doc. No. 67).

## II.

In their Motions to Remand, Plaintiffs argue that because the Court struck the First Amended Complaint, there is no live pleading, therefore this Court must remand the case to state court as it has no jurisdiction, and Bitgood has "declined to invoke jurisdiction of this Court." (Doc. No. 61 at 9). Plaintiffs also argue that the State of Texas was a party to this suit, and the State did not consent to removal. Thus, under the rule of unanimity, the case must be remanded. (*Id.* at 7).

These arguments are unavailing. Removal may be improper for jurisdictional or procedural reasons. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020). "Jurisdictional defects require remand to state court," and may be asserted at any point before a final, non-appealable judgment is rendered. *Id.* "By contrast, procedural defects require the action's being remanded to state court only if plaintiff files a motion to remand 'within 30 days after the filing of the notice of removal under section 1446(a)' (describing removal procedure)." *Id.* "Otherwise, plaintiff waives any objection to the procedural defect, and the action proceeds in federal court, even though

removal was procedurally improper." *Id.*; *FDIC v. Loyd*, 955 F.2d 316, 323 (5th Cir. 1992) (district courts cannot remand a case because of a procedural defect that was untimely raised). "The failure of all the defendants to join in the removal petition is not a jurisdictional defect." *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990). Therefore, even if the removal in this case had been procedurally improper, which this Court does not express a judgment on, Plaintiffs long ago waived that argument as this case was removed on August 9, 2024. (Doc. No. 1). Plaintiffs' Motions for Remand (Doc. Nos. 61, 63) are **DENIED**.

In its previous Order, this Court informed Plaintiffs that if they "fail[ed] to re-plead as ordered, the case will be dismissed." (Doc. No. 56 at 2). Plaintiffs failed to heed that warning, and instead of re-pleading, they filed their Motions for Remand, which have since been denied. Plaintiffs have not subsequently re-pleaded and openly declined to do so in their motions. (Doc. No. 61 at 7) ("Bitgood declines to amend or re-plead"); (Doc. No. 63 at 1) ("Jones respectfully declines to re-plead[] and moves the Court to remand the case."). Dismissal is appropriate.

For the foregoing reasons, this case is hereby **DISMISSED** without prejudice.

Signed on this the ___ day of December 2025.

Andrew S. Hanen
United States District Judge

3